
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIA HERNANDEZ-LOPEZ, AKA
Juana Domingo Matias,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    19-70761

Agency No. A200-048-337

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2021[**]
Submission Vacated March 18, 2021
Resubmitted February 28, 2022
San Francisco, California

Before:  MURGUIA, Chief Judge, CHRISTEN, Circuit Judge, and LEFKOW,[***]
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Joan H. Lefkow, United States District Judge for the
Northern District of Illinois, sitting by designation.

Petitioner, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) decision denying her applications for withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant in part and deny in part the petition for review.

1. Petitioner argues the BIA's decision affirming the immigration judge's (IJ) adverse credibility finding is not supported by substantial evidence. When "assessing an adverse credibility finding under the [REAL ID] Act, we must look to the 'totality of circumstances[] and all relevant factors.'" *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (alteration in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). When applying this standard, "[t]here is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination." *Id.*

The BIA affirmed the IJ's adverse credibility finding because (1) petitioner did not claim she feared returning to Guatemala during prior interactions with immigration officials; and (2) there were certain inconsistencies between petitioner's testimony and her declaration. Regarding the second reason, petitioner testified that a man named David Gonzalez beat and raped her in a hotel room in 2002 and that she returned to the hotel where Gonzalez raped her on a weekly basis

2

for several months.  In her declaration, petitioner described a single instance of rape in 2002 after which she did not see Gonzalez for "about a year."  When the IJ asked petitioner to clarify what she meant, petitioner said that Gonzalez raped her at a hotel in 2002, then raped her on a weekly basis, and then "[a]fter I was with him, he left, and I didn't see him again."  The IJ then immediately moved on to a new subject.

The difference between petitioner's declaration and testimony may not have been trivial because it may amount to the difference between her suffering a pattern of rape over either several months or a single instance.  *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("[I]nconsistencies regarding events that form the basis of the asylum claim are sufficient to support an adverse credibility determination.").  But it appears the IJ and petitioner miscommunicated.  An IJ "cannot base an adverse credibility determination on a contradiction that the [petitioner] could reconcile if given a chance to do so."  *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011), *abrogated on other grounds by Alam*, 11 F.4th at 1135–37; *see also Perez-Arceo v. Lynch*, 821 F.3d 1178, 1185 (9th Cir. 2016) ("The IJ should not have placed significant weight on this apparent discrepancy absent development of the testimony to clarify whether the statements were truly inconsistent.").  Based on our read of the transcript, it appears that, "if given a

chance to do so," *Rizk*, 629 F.3d at 1088, petitioner may have been able to explain whether, "[a]*fter I was with him, he left*," referred to a single incident of rape or the last in a series of rapes. Accordingly, we conclude substantial evidence does not support the agency's adverse credibility finding. We do not grant the petition on the adverse credibility ground alone because in an alternative ruling, the BIA assumed petitioner was credible and concluded her withholding of removal and CAT claims failed on other grounds.

2. When assessing petitioner's withholding of removal claim, the BIA rejected petitioner's proposed particular social group, finding it did not involve "the limited circumstances where an applicant may be eligible for withholding of removal based on private violence" and "suffer[ed] from the same circularity problem articulated . . . in *Matter of A-B-*." First, the BIA erred by relying on the now-vacated *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018) ("*A-B- I*"). Attorney General Garland vacated in their entireties *A-B- I* and the subsequent decision in *Matter of A-B-*, 28 I. & N. Dec. 199 (A.G. 2021) ("*A-B- II*"), and instructed the BIA to "no longer follow *A-B- I* or *A-B- II* when adjudicating pending or future cases." *Matter of A-B-*, 28 I. & N. Dec. 307, 309 (A.G. 2021) ("*A-B- III*") (ordering the agency to consider particular social groups based on "pre-*A-B- I* precedent").

4

Second, the BIA concluded the proposed group lacked particularity because members "would possess a myriad of ages, backgrounds, political opinions, nationalities, ethnicities, and races." But "we have rejected the notion that a persecuted group may simply represent too large a portion of a population to allow its members to qualify for asylum." *Perdomo v. Holder*, 611 F.3d 662, 669 (9th Cir. 2010). The BIA also concluded petitioner's proposed group lacked social distinction, but it failed to consider "society-specific evidence," *Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014); *see also Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092 (9th Cir. 2013) (en banc) (explaining that laws targeted at a particular class of individuals may be "evidence that a society recognizes [the] particular class of individuals as uniquely vulnerable"). For these reasons, we conclude the BIA committed legal error in its rejection of petitioner's proposed particular social group.

The BIA also concluded petitioner failed to establish that the Guatemalan government would be unwilling and unable to protect her because "the country conditions evidence shows that the Guatemalan government has taken steps to combat violence against women." The BIA erred because it focused on the government's *efforts* to combat domestic violence in the county, "but it did not examine the *efficacy* of those efforts." *Madrigal v. Holder*, 716 F.3d 499, 506 (9th

5

Cir. 2013) (emphasis added); *cf. Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1072 (9th Cir. 2017) (en banc) ("[I]t is well recognized that a country's laws are not always reflective of actual country conditions.").

Last, the BIA concluded petitioner's withholding of removal claim failed because she "did not carry her burden of establishing that it would not be reasonable for her to relocate." An applicant for withholding of removal generally bears the burden of proof, 8 C.F.R. § 1208.16(b), but the burden shifts to the government to prove the applicant could relocate to avoid a future threat on her life or freedom if the applicant establishes past persecution, *id.* § 1208.16(b)(1)(ii); *Gonzalez-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011) (recognizing burden remained with petitioner to show unreasonableness of relocation because domestic abuse that occurred in United States did not constitute past persecution). Because the BIA did not make an express finding that petitioner failed to establish past persecution and because we remand for the BIA to consider other elements of petitioner's withholding claim, the BIA should also consider relocation according to the appropriate burden-shifting framework. If petitioner establishes past persecution, the burden will shift to the government to prove petitioner could safely relocate within Guatemala. *See* 8 C.F.R. § 1208.16(b)(1)(ii).

Mindful that "the agency should be given an opportunity in the first instance to make legal determinations entrusted to it by Congress," *Perdomo v. Holder*, 611 F.3d 662, 669 (9th Cir. 2010), we grant the petition with respect to petitioner's withholding of removal claim and remand for consideration in light of *A-B- III*.

3. As for relief pursuant to CAT, the petitioner generally bears the burden of proof, 8 C.F.R. § 1208.16(c)(2), but proof that relocation is possible or impossible is not the burden of either party, *see Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc). We uphold the BIA's factual findings unless the evidence in the record "compel[s] a different conclusion." *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011). "[T]he BIA must consider all evidence, including '[e]vidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured.'" *Dawson v. Garland*, 998 F.3d 876, 884 (9th Cir. 2021) (alteration in original) (quoting 8 C.F.R. § 1208.16(c)(3)(ii)). The BIA affirmed the IJ's denial of relief pursuant to CAT, in part, because "the IJ properly considered [petitioner's] ability to avoid torture by relocating within Guatemala" as one factor in its CAT analysis and concluded petitioner could reasonably relocate. A credible claim of rape can support protection pursuant to CAT, *see Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1079 (9th Cir. 2015), but we conclude the record as a whole does not compel a contrary conclusion about

petitioner's ability to relocate, *cf. Maldonado*, 786 F.3d at 1164.  Accordingly, we deny the petition for review as to petitioner's CAT claim and remand her withholding of removal claim.

**PETITION FOR REVIEW GRANTED IN PART AND DENIED IN PART.**